**UNITED STATES DISTRICT COURT**
**DISTRIC OF COLORADO**
**DENVER DIVISION**

**CASE NO.: 1:22-cv-01058**

Jackie Shumaker,

        Plaintiff,

v.

Drives at Mile High, Ltd,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff, Jackie Shumaker ("Shumaker" or Plaintiff) by and through undersigned counsel, brings this Complaint against Defendant, Drives at Mile High, Ltd ("Mile High" or Defendant) for damages and injunctive relief, and in support thereof states as follows:

**NATURE OF THE ACTION**

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph owned and registered by Shumaker.  Accordingly, Shumaker seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.

2.      Shumaker brings this action for violations of exclusive rights under the Copyright

Act, 17 U.S.C. § 106, to copy and distribute Shumaker's original copyrighted works of

authorship.

## PARTIES

3.      Plaintiff, Shumaker, is a professional photographer residing at 5650 W Quincy

Ave Unit 43, Denver, CO 80235. Shumaker is in the business of licensing reproduction rights in

photographs for a fee.

4.      Defendant Mile High is a Colorado corporation with its principal place of

business at 6395 W. 56TH Avenue, Arvada, CO 80002, and can be served by serving its

Registered Agent, Roman Duane Romero, at 13563 Detroit Street, Thornton, CO 80241, United

States.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in Colorado.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and

1400(a) because the Defendant is a corporation subject to personal jurisdiction in this district, the

events giving rise to the claims occurred in this district, Defendant engaged in infringement in

this district, Defendant reside in this district, and the Defendants are all subject to personal

jurisdiction in this district.

**THE COPYRIGHTED WORK AT ISSUE**

9.        Shumaker created a photograph entitled " 20100628_hp_ahc_138", which is

shown below.



10.        Shumaker photograph "20100628_hp_ahc_138" will be referred to herein as the

"Work".

11.        At the time Shumaker published the Work, Shumaker applied copyright

management information ("CMI") consisting of "© JACKIE SHUMAKER ALL RIGHTS

RESERVED" in the bottom right and below the photograph as shown below.



COPYRIGHT 2022 JACKIE SHUMAKER ALL RIGHTS RESERVED

_____

1 A red arrow and box are used to show the location of the CMI.

     12.      Shumaker created the Work on the year 2010.

     13.      Shumaker first published the Work in August 2010.

     14.      Shumaker registered the Work with the Register of Copyrights on July 21, 2010

and was assigned the registration number Vau 1-035-015.

     15.      The Certificate of Registration is attached hereto as **Exhibit1.**

     16.      At all relevant times Shumaker has been the owner of the copyrighted Work.

     17.      Shumaker's Work is protected by copyright but is not otherwise confidential,

proprietary, or trade secrets.

<strong>INFRINGEMENT BY DEFENDANT</strong>

     18.      Mile High has never been licensed to use the Work at issue in this action for any

purpose.

19.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Mile High copied the Work without Shumaker's permission.

20.     After Mile High copied the Work, it made further copies and distributed the Work on the internet.

21.     Mile High copied and distributed Shumaker's copyrighted Work for purposes of advertising and promoting Mile High's business.

22.     Mile High committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23.     Shumaker never gave Mile High permission or authority to copy, distribute or display the Work.

24.     Shumaker notified Mile High of the allegations set forth herein on September 14, 2021, and October 5, 2021.  To date, Mile High has failed to respond to Plaintiff's Notices. Copies of the notices to Mile High are attached hereto as **Exhibit 3**.

25.     When Mile High copied and displayed the Work at issue in this case, Mile High removed Shumaker 's copyright management information from the Work by cropping the image.

26.     Shumaker never gave Mile High permission or authority to remove copyright management information from Work at issue in this case.

27.     To date, Mile High is still using the Work on its website.

## COUNT I
## COPYRIGHT INFRINGEMENT

28.     Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Shumaker owns a valid copyright in the Work at issue in this case.

30.     Shumaker registered the Work at issue in this case with the Register of

Copyrights pursuant to 17 U.S.C. § 411(a).

31.     Mile High copied, displayed, and distributed the Work at issue in this case and

made derivatives of the Work without Shumaker's authorization in violation of 17 U.S.C. §§ 106

and 501.

32.     Mile High performed the acts alleged in the course and scope of its business

activities.

33.     Mile High acts were willful.

34.     Shumaker has been damaged.

35.     The harm caused to Shumaker has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36.     Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint

as if fully set forth herein.

37.     The Work at issue in this case contains copyright management information

("CMI").

38.     Mile High knowingly and with the intent to enable or facilitate copyright

infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. §

1202(b).

39.     Shumaker has been damaged.

40.     The harm caused to Shumaker has been irreparable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgement against Defendant Drives at Mile High,

Ltd that:

a.      Defendant and its officers, agents, servants, employees, affiliated entities, and all

of those in active concert with them, be preliminarily and permanently enjoined from committing

the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b.      Defendant be required to pay Plaintiff its actual damages and Defendant's profits

attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17

U.S.C. §§ 504, 1203;

c.      Plaintiff be awarded its attorneys' fees and costs of suit pursuant to 17 U.S.C. §

505;

d.      Plaintiff be awarded pre-judgement interest; and

e.      Plaintiff be awarded such other and further relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: May 2, 2022                                    Respectfully Submitted,

*/s/ Sergio Calderon Baron*

SERGIO CALDERON BARON
Florida Bar No.: 1007687
sergio@imagetheftlawfirm.com
(833) 444-0088

Image Theft Law Firm P.A.
4800 N. Federal Hwy., Suite D207
Boca Raton, FL 33431

*Attorney for Plaintiff Jackie Shumaker*